IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*United States of America v. Keadron Deon Walker*

Case No. 3:25-cr-00014-TMB-KFR-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Keadron Deon Walker's (hereinafter "Keadron Deon," at the Defendant's request) pro se "De Novo [Motion] for Bail Pursuant to the [Eighth] United States Constitutional Amendment" (the "Motion").[1] The Court will construe the Motion as a motion for review of a detention order pursuant to 18 U.S.C. § 3145(b).[2] The Government opposes the Motion.[3] United States Probation and Pretrial Services (USPO) assesses that Keadron Deon poses a risk of nonappearance and a risk of danger to the community and does not believe his release plan mitigates these risks.[4] Upon *de novo* review,[5] for the reasons discussed below, the Court **DENIES** Keadron Deon's Motion at Docket 47 and **AFFIRMS** the Magistrate Judge's Order of Detention at Docket 16.

### A. Background

Keadron Deon is charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 1); Distribution of a Controlled Substance within 1000 Feet of a Playground in violation of 21 U.S.C. §§ 860(a), 841(a)(1), (b)(1)(B)(viii), and (C) (Count 2); and a criminal forfeiture allegation.[6] A Detention Hearing was held during which the Magistrate Judge heard arguments regarding Keadron Deon's continued detention.[7]

---

[1] Dkt. 47 (De Novo [Motion] for Bail Pursuant to the [Eighth] United States Constitutional Amendment).
[2] *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principal that *pro se* filings . . . are held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations removed)).
[3] Dkt. 53 (Government's Response in Opposition to the Motion).
[4] Dkt. 27 (Sealed Memo to the Court by USPO) at 1–2.
[5] *See* 18 U.S.C. § 3145(c); *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990) (holding that district courts must engage in *de novo* review of magistrate orders granting or denying pretrial release).
[6] Dkt. 26 (First Superseding Indictment) at 1.
[7] Dkts. 6 (Minute Entry for Proceedings held February 19, 2025), 15 (Minute Entry for Continued Detention Hearing).

On March 12, 2025, through counsel, Keadron Deon moved for a Bail Review Hearing on the basis that he was proposing a new release plan.[8] On March 18, the First Superseding Indictment was issued, adding Count 2.[9] A Detention Hearing was held the next day.[10]

At the Detention Hearing on March 19, 2025, the Magistrate Judge heard arguments as to Keadron Deon's new release plan and the effect of the superseding indictment.[11] The Magistrate Judge also heard from USPO that it recommends against release.[12] The Magistrate Judge found that Keadron Deon did not present sufficient evidence to disturb the original release order.[13] Of particular concern to the Magistrate Judge was Keadron Deon's prior history of failing to appear, failing to adhere to court orders, and violating state release conditions at the time of the offense.[14]

Keadron Deon subsequently moved to proceed *pro se*.[15] Keadron Deon again moved for bail on April 15, 2025.[16] On May 1, 2025, the Magistrate Judge held a Motion Hearing regarding Keadron Deon's *pro se* Motion for Bail.[17] At the May 1 hearing, the Magistrate Judge found that Keadron Deon failed to assert that there were new issues of fact to reopen the matter of Keadron Deon's detention under 18 U.S.C. § 3142(f).[18] Keadron Deon then appealed the Order of Detention to the District Court.[19]

### B. Legal Standard

Under 18 U.S.C. § 3145(a)(1), the Government may move the district court with original jurisdiction to revoke an order of release by a magistrate judge. The district court shall determine a motion for revocation of a release order promptly.[20] This Court reviews a magistrate judge's pretrial release order under 18 U.S.C. § 3145(c) *de novo*.[21]

The Bail Reform Act requires that a defendant shall be released pending trial unless a judicial officer determines that the defendant's release "will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community."[22] If the judicial officer determines that no condition or combination of conditions can "reasonably assure"

---

[8] Dkt. 23 (Motion for Bail Review Hearing).
[9] Dkt. 26.
[10] Dkt. 29 (Minute Entry for Proceedings on March 19, 2025).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] Dkts. 32 (Motion for Hearing Re Self-Representation (*Faretta*) Pursuant to the Sixth Amendment), 34 (Minute Entry for *Faretta* Hearing).
[16] Dkt. 39 ([Motion] for Bail Pursuant to the Eighth United States Constitution Amendment).
[17] Dkt. 46 (Minute Entry for Proceedings Held May 1, 2025).
[18] *Id.*
[19] Dkt. 47.
[20] 18 U.S.C. § 3145(c).
[21] *Koenig*, 912 F.2d at 1191–93 (holding that district courts must engage in *de novo* review of magistrate orders granting or denying defendants' pretrial release).
[22] 18 U.S.C. § 3142(b).

the defendant's appearance or the safety of the community, the defendant shall be detained before trial.[23]

Where a defendant has been charged with an offense for which a term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, there is a rebuttable presumption that no condition or combination of conditions can reasonably assure the defendant's appearance or the safety of the community.[24] The presumption shifts the burden of production to the defendant, but the Government retains the burden of persuasion.[25] To detain a defendant pending trial on the basis of risk of nonappearance, the judicial officer must find that the preponderance of the evidence shows the defendant poses a flight risk.[26] A finding that a defendant must be detained based on danger to the community must be supported by clear and convincing evidence.[27]

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics (including the defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, record concerning appearance at court proceedings, history relating to drug or alcohol abuse, and supervision status at the time of the current offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.[28]

### C. Discussion

As a threshold matter, the Court determines that it has jurisdiction to review Keadron Deon's release order because it has original jurisdiction over the offense.[29] Keadron Deon argues that he does not pose a risk of flight or danger to the community and that he has substantial ties to the community.[30] The Government argues that the four factors set out in 18 U.S.C. § 3142(g) support detention and that Keadron Deon presents a risk of non-appearance and danger to his community that cannot be mitigated by any release conditions.[31]

Upon a *de novo* review, applying the factors in 18 U.S.C. § 3142(g), the Court concludes that the Government has met its burden to show that Keadron Deon presents a risk of non-appearance and danger to the community and that his detention is appropriate.

#### 1. *The Nature and Circumstances of the Offense Charged*

The Court finds that this factor weighs in favor of detention. As to the nature and circumstances of the offense charged, Keadron Deon argues that the charges are "victimless crimes."[32] In

---

[23] *Id.* § 3142(e)(1).
[24] *Id.* § 3142(e)(3), (f)(1)(C).
[25] *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).
[26] *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).
[27] *Hir*, 517 F.3d at 1086.
[28] *See* 18 U.S.C. § 3142(g); *Diaz-Hernandez*, 943 F.3d at 1198; *Hir*, 517 F.3d at 1086.
[29] 18 U.S.C. § 3145(a)(1).
[30] Dkt. 39.
[31] Dkt. 53.
[32] Dkt. 47 at 3.

response, the Government argues that the charges against Keadron Deon are "extremely serious and warrant detention."[33]

The Court finds that the nature and circumstances of the offense weighs in favor of detention. The evidence before the Court shows that the charged conduct involves the possession of a stolen firearm with an extended magazine and the sale of drugs.[34] Though Keadron Deon characterizes the charged offenses as "victimless," drug trafficking poses a substantial risk to the community which triggers a presumption of pre-trial detention.[35] Keadron Deon has failed to rebut the presumption of pretrial detention with respect to the nature and circumstance of the offense.

### 2. *The Weight of the Evidence Against the Defendant*

Though the weight of the evidence is the least important of the § 3142(g) factors,[36] the Court finds this factor weighs in favor of detention. Keadron Deon argues that he has not been proven guilty of the offense.[37] The Government argues that the evidence of Keadron Deon's guilt is "overwhelming."[38] The Government attached photos of the firearm next to Keadron Deon's wallet at his residence which forms the basis for Count 1.[39] The record before the Court also contains substantial evidence against Keadron Deon as to Count 2.[40] The weight of the evidence favors detention.

### 3. *The Defendant's History and Characteristics*

The Court finds that Keadron Deon's history and characteristics support detention. Keadron Deon argues that his history and characteristics supports his release because he has "no criminal history involving physical injury to the public;" he has no disciplinary infractions during his current and previous periods of imprisonment; he had completed several months of house arrest; has "no history of gun or drug charges, arrests, or convictions;" and has been making monthly payments toward purchasing his home in an owner-financed agreement with his landlord.[41] The Government argues that Keadron Deon's criminal history supports detention because the charged conduct occurred when Keadron Deon was on State of Alaska supervision; he has a "lengthy history" of failure to appear and not abiding by court-ordered conditions of supervision, and misdemeanor convictions for assaultive behavior and operating under the influence.[42]

The Court finds that this factor weighs heavily in favor of detention. The Court is particularly concerned about Keadron Deon's history of failure to appear, his criminal history, history of release violations, and the fact that the charged conduct occurred while Keadron Deon was under

---

[33] Dkt. 53 at 9.
[34] Dkts. 53-1, 53-2, 53-3, 53-4, 53-5 (showing firearm in close proximity to Keadron Deon and Keadron Deon's wallet); *see generally* 59-1 (Government's Sealed Response in Opposition, Exhibit 1) at 11–19.
[35] *See* 18 U.S.C. § 3142(e)(3), (f)(1)(C).
[36] *See Hir*, 517 F.3d at 1090 ("We recognize that 'the weight of the evidence is the least important of the various factors.'" (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985))).
[37] Dkt. 47 at 3.
[38] Dkt. 53 at 9.
[39] Dkts. 53-2, 53-3.
[40] Dkt. 59-1 at 11–19.
[41] Dkt. 47 at 2–3.
[42] Dkt. 53 at 9–10.

state supervision. While Keadron Deon characterizes his criminal history as not involving "physical injury to the public"[43] the Pretrial Services Report shows convictions for dangerous behavior such as operating a vehicle under the influence, assault in the fourth degree, and theft in the second degree.[44] Consequently, Keadron Deon has not rebutted the presumption of detention.

### 4. The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release

The Court finds that the final factor also weighs in favor of detention. Keadron Deon does not specifically address this factor beyond the assertion that the charged conduct is victimless.[45] The Government argues that the charged conduct of drug trafficking is inherently dangerous to the community because of the social impact of substance abuse and associated crimes.[46] The Government further argues that Keadron Deon's "continued association with known felons" increases the risk that he will return to criminal activity if released.[47]

The Court finds that the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release weigh in favor of detention. As noted above, drug trafficking has substantial negative impacts on individuals and communities. The Court also finds that because the charged conduct occurred while Keadron Deon was on State of Alaska supervision, the risk that he will engage in criminal conduct while on federal pretrial supervision is high.

### D. Conclusion

For the foregoing reasons, the Court **DENIES** Keadron Deon's Motion at Docket 47 and **AFFIRMS** the Magistrate Judge's Order of Detention at Docket 16. It is **FURTHER ORDERED** that the defendant remain in the custody of the United States Marshals Service.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 28, 2025.

---

[43] Dkt. 47 at 2.
[44] Dkt. 5 (Sealed Pretrial Services Report) at 6–7.
[45] Dkt. 47 at 3.
[46] Dkt. 53 at 10.
[47] *Id.* at 11.